# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF CALIFORNIA

### OFFICE OF THE CLERK
**2500 Tulare Street**
**Fresno, CA 93721**



JUN 4 – 2008



RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Clerk, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

CR-08 00334 JF

**RE:** USA vs. Jae Franco Cuellar, Jr.
**USDC No.:** 1:04–CR–05020–OWW

Dear Clerk,

Pursuant to the order transferring the above captioned case to your court, dated
May 28, 2008 , transmitted herewith are the following documents.

**Certified Copies of Indictment, Judgment and Docket Sheet.**

Please <u>acknowledge</u> receipt on the extra copy of this letter and return to the Clerk's Office.

Very truly yours,

**May 28, 2008**        /s/  **C. Esteves**
_____

Deputy Clerk

RECEIVED BY: _____

Please Print Name

DATE RECEIVED: _____

NEW CASE
NUMBER: _____

AO 245B-CAED (Rev. 3/04)  Sheet 1 - Judgment in a Criminal Case

# United States District Court
## Eastern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | (For Offenses Committed On or After November 1, 1987) |
| **JOE FRANCO CUELLAR, SR.** | Case Number: **1:04CR05020-001** |

**Robert Rainwater, Asst. Federal Defender**
Defendant's Attorney

## THE DEFENDANT:

[✔]  pleaded guilty to count(s): <u>1,6,12,29 and 35 of the Indictment</u> .
[ ]  pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 1341 and 2 | Mail Fraud and Aiding and Abetting | 01/15/1999 | One |
| 18 USC 1341 and 2 | Mail Fraud and Aiding and Abetting | 02/08/1999 | Six |
| 18 USC 1341 and 2 | Mail Fraud and Aiding and Abetting | 03/02/1999 | 12 |
| 18 USC 1341 and 2 | Mail Fraud and Aiding and Abetting | 07/15/1999 | 29 |
| 18 USC 1341 and 2 | Mail Fraud and Aiding and Abetting | 08/15/1999 | 35 |

The defendant is sentenced as provided in pages 2 through <u>6</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✔]  Count(s) <u>all remaining of the Indictment</u>  (is)(are) dismissed on the motion of the United States.

[ ]  Indictment is to be dismissed by District Court on motion of the United States.

[ ]  Appeal rights given.          [✔]  Appeal rights waived.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

I hereby attest and certify on 5-28-08
that the foregoing document is a full, true
and correct copy of the original on file in my
office and in my legal custody.
VICTORIA C. MINOR
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
By _____ Deputy

July 12, 2004
Date of Imposition of Judgment

Signature of Judicial Officer

**OLIVER W. WANGER**, United States District Judge
Name & Title of Judicial Officer

7-14-04
Date

AO 245B-CAED (Rev. 3/04) Sheet 2 - Imprisonment

CASE NUMBER:        1:04CR05020-001                                    Judgment – Page 2 of 6
DEFENDANT:          JOE FRANCO CUELLAR, SR.

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 27 months .

As to each count, to run concurrently.

[✔]    The court makes the following recommendations to the Bureau of Prisons:
       The Court recommends that the defendant be incarcerated in a California facility, but only insofar as this accords
       with security classification and space availability.    The Court recommends the camp facility at Atwater, California.

[ ]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
       [ ] at ___ on ___.
       [ ] as notified by the United States Marshal.

[✔]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [✔] before 2:00 p.m.  on September 1, 2004 .
       [✔] as notified by the United States Marshal.
       [ ] as notified by the Probation or Pretrial Services Officer.
       If no such institution has been designated, to the United States Marshal for this district.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

         Defendant delivered on_____  to  _____

at _____ , with a certified copy of this judgment.


                                                        _____
                                                        UNITED STATES MARSHAL


                                                By  _____
                                                        Deputy U.S. Marshal

AO 245B-CAED (Rev. 3/04)  Sheet 3 - Supervised Release

| CASE NUMBER: | 1:04CR05020-001 | Judgment - Page 3 of 6 |
|---|---|---|
| DEFENDANT: | JOE FRANCO CUELLAR, SR. | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 36 months .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[✔]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[ ]    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ]    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B-CAED (Rev. 3/04)  Sheet 3 - Supervised Release

| | |
|---|---|
| CASE NUMBER:        1:04CR05020-001 | Judgment - Page 4 of 6 |
| DEFENDANT:        JOE FRANCO CUELLAR, SR. | |

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to the search of his person, property, home, and vehicle by a United States Probation Officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall not dispose of or otherwise dissipate any of his assets until the fine and/or restitution order by this judgment is paid in full, unless the defendant obtains approval of the court.

3. The defendant shall provide the probation officer with access to any requested financial information.

4. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

AO 245B-CAED (Rev. 3/04) Sheet 5 - Criminal Monetary Penalties

| | | |
|---|---|---|
| CASE NUMBER: | 1:04CR05020-001 | Judgment - Page 5 of 6 |
| DEFENDANT: | JOE FRANCO CUELLAR, SR. | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 500.00 | $ waived | $ 2,346,900.00 |

[ ]   The determination of restitution is deferred until __ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[✔]   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| See Attachment | 2,346,900.00 | 2,346,900.00 | |
| TOTALS: | $  2,346,900.00 | $ 2,346,900.00 | |

[ ]   Restitution amount ordered pursuant to plea agreement $ __

[ ]   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[ ]   The interest requirement is waived for the    [ ] fine    [ ] restitution

[ ]   The interest requirement for the    [ ] fine   [ ] restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B-CAED (Rev. 3/04) Sheet 6 - Schedule of Payments

| | |
|---|---|
| CASE NUMBER: | 1:04CR05020-001 |
| DEFENDANT: | JOE FRANCO CUELLAR, SR. |

Judgment - Page 6 of 6

# SCHEDULE OF PAYMENTS

Payment of the total fine and other criminal monetary penalties shall be due as follows:

**A**  [✔]  Lump sum payment of $ _2,347,400.00_ due immediately, balance due

  [ ]  not later than ___ , or
  [ ]  in accordance with  [ ] C,  [ ] D,  [ ] E, or  [ ] F below; or

**B**  [ ] Payment to begin immediately (may be combined with  [ ] C,  [ ] D, or [ ] F below); or

**C**  [ ] Payment in equal ___ (e.g., weekly, monthly, quarterly) installments of $ ___ over a period of ___ (e.g., months or years), to commence ___ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  [ ] Payment in equal ___ (e.g., weekly, monthly, quarterly) installments of $ ___ over a period of ___ (e.g., months or years), to commence ___ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  [ ] Payment during the term of supervised release will commence within ___ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

1:04CR05020-001
JOE FRANCO CUELLAR SR.

VICTIMS:

| Name | Amount |
| --- | --- |
| Joel Amaral | $20,000 |
| Jack Barton | $10,000 |
| Jack Baxter | $35,000 |
| Howard Baxter | $42,500 |
| Harold Baxter | $3,000 |
| Richard Chavoya, Sr. | $23,000 |
| James & Joyce Davis | $4,000 |
| Maria De La Cruz | $44,000 |
| Maria De La Cruz | $15,000 |
| Georgette D'Anna Dye | $25,000 |
| Ruth Estrada | $18,000 |
| Jose & Wanda Ferine | $4,000 |
| Nymia Flores | $3,500 |
| Ignacio Garcia | $34,600 |
| Agapita Garcia | $50,000 |
| Consuelo Godino | $2,000 |

| | |
|---|---|
| Gregorio & Guadalupe Gomez | $30,000 |
| Benito Hernandez | $5,000 |
| Rita Herrera | $15,000 |
| Kenny Hoang | $125,000 |
| Clara Jauregui | $5,000 |
| Juongli Jaffrey | $50,000 |
| Amador Lopez | $10,000 |
| Arthur & Yolanda Lopez | $60,000 |
| Carmen & Celia Lopez | $97,500 |
| Cesar & Dora Lopez | $6,000 |
| Miguel Lopez | $5,000 |
| Eugenia Maduena | $4,000 |
| Mariana Medina | $1,000 |
| Heriberto Medina | $10,000 |
| Domingo Medina | $22,500 |
| Elva Mendez | $3,000 |
| Zenaida Mendoza | $30,000 |
| Vince & Connie Milazzo | $25,000 |
| Aurelia Moreno | $8,000 |
| Rigoberto & Isabel Orozco | $64,000 |
| Keilan Jesona Palacios | $997,000 |
| Guadalupe Pino | $20,000 |

| | |
|---|---|
| Alice Reichenberg | $10,000 |
| Renee Riccobono | $23,800 |
| Jose Luis & Angelica Rocha | $10,000 |
| Juong Min Romans-Kroll | $34,000 |
| Marco Ruiz-Peraza | $6,000 |
| Ramon Sanchez | $12,500 |
| Fidelia Sanchez | $10,000 |
| Abel Trenado | $8,000 |
| Julita Ulep | $150,000 |
| Pauline Villa | $16,000 |
| Clarence & Irene Wright | $105,000 |
| Sharon Younger | $25,000 |
| Trevis & Shelley Younger | $10,000 |

1    McGREGOR W. SCOTT
     United States Attorney
2    STANLEY A. BOONE
     Assistant U.S. Attorney
3    3654 Federal Building
     1130 "O" Street
4    Fresno, California 93721
     Telephone: (559) 498-7272

I hereby attest and certify on _5-29-08_
that the foregoing document is a full, true
and correct copy of the original on file in my
office and in my legal custody.
VICTORIA C. MINOR
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

By _____ Deputy

6                IN THE UNITED STATES DISTRICT COURT FOR THE

7                     EASTERN DISTRICT OF CALIFORNIA

9    UNITED STATES OF AMERICA,          )    CR.F. NO.  CR-F- 0 4   5 0 2 0 OWW
                                        )
10                   Plaintiff,         )    **UNDER SEAL**
                                        )
11                                      )    VIOLATIONS:  18 U.S.C. §§
           v.                           )    1341 and 2- Mail Fraud and
12                                      )    Aiding and Abetting
                                        )    (Thirty-five Counts); 18
13                                      )    U.S.C. §§ 1956(a)(1)(B)(i)
     JOE FRANCO CUELLAR, SR.,           )    and 2- Money Laundering and
14                                      )    Aiding and Abetting (Two
                                        )    Counts) and 18 U.S.C. §§
15                                      )    1957(a) and 2- Money
                     Defendant.         )    Laundering and Aiding and
16   _____)    Abetting (Five Counts)

17                         I N D I C T M E N T

18   <u>COUNTS ONE THROUGH THIRTY-FIVE:</u>    [18 U.S.C. §§ 1341 and 2- Mail
                                               Fraud and Aiding and Abetting]

19
20        The Grand Jury charges:

21                      JOE FRANCO CUELLAR, SR.,

22   defendant herein, as follows:

23        I.    INTRODUCTION

24        1.    At all relevant times herein, defendant JOE FRANCO

     CUELLAR, SR. was a resident of Stanislaus County, State and Eastern

     District of California.  The defendant was owner/operator and/or

     associated with Unlimited International Venture Group, Unlimited

28                                  1

International Ventures, Tierra Libre Organization, Calvary Trust
and other entities each described itself as an investment firm.
The defendant often acted as Trust Manager/Manager of Unlimited
International Venture Group.

2. During the course of the scheme to defraud, the defendant
committed the acts himself and/or through the acts of other
individuals done at the direction of the defendant. Prior to and
during this scheme to defraud, the defendant had been involved in
another high yield investment scheme, Acquire Venture Capital
Group, in which investors had been promised large rates of return
which no legitimate monies were received by investors.

II. SCHEME TO DEFRAUD

3. Beginning at a time unknown but no later than in or about
1996 and continuing to in or about July 2000, in the State and
Eastern District of California and elsewhere, defendant, with the
assistance from others, devised and intended to devise a scheme and
artifice to defraud investors of money and property, and obtained
money and property from investors by means of materially false and
fraudulent pretenses, representations and promises, as more fully
set forth below.

III. MANNER AND MEANS OF THE SCHEME TO DEFRAUD

4. During the above-described time period, the defendant,
with the assistance of others, executed the scheme and artifice to
defraud by the following manner and means:

5. Through various means, including the use of agents, the
defendant solicited individuals (hereafter called "investors") to
invest in programs being touted by him which can best be described

2

as high yield investment opportunities which would result in substantial returns to the investors. He stated that the investment provided a higher rate of return that what was usually associated with conventional financial instruments. In some case, he stated that the money was guaranteed against loss. In some cases, defendant and others stated that these investments were guaranteed and/or safe and were based upon little known financial transaction involving one or more high leverage asset enhancement programs which were generally referred to as "trade programs." These trade programs were allegedly involved in the continuous purchase and resale of bank-issued debenture instruments. The "trades" often occurred internationally. Such programs are non-exist, fraudulent and did not result in the returns promised by the defendant.

6. In order to entice investors to provide money to the defendant, he told them varying false statements, including but not limited to, the following:

    a.   That the investment would earn at least a 4 to 6 percent monthly rate of return;

    b.   The investments were being held in a overseas trading account; and

    c.   The investments were guaranteed;

These statements, and others, were materially false and fraudulent and known by the defendant to be false and fraudulent.

7. As a result of these false and fraudulent statements, as well as others, investors gave money to the defendant to invest in defendant's fraudulent high yield investment programs.

8.    Prior to becoming a investors, the defendant required to them to execute a "private contract agreement" which set forth the program in the form of a joint venture between the investors and defendant's business, usually Unlimited International Venture Group. As part of the initial investment, investors were required to provide a hand written statement signed in the investor's hand regarding solicitation, financial capacity and other matters. This was done in order for the defendant to latter assert that the programs were the idea of investors and not the defendant and/or his agents.    In general, investors were required to maintain their monies in the defendant's program for a one year period.    The program was instructed by means of a joint venture.

9.    The defendant required that the investors pay by cashier checks.

10.    In general, investors were informed that they could not disclose the nature of the investment.    Disclosure of the contents of the investment would result in termination of the investor's investments as well as a substantial interest penalty. This penalty included the potential loss of the investor's principal, any so-called accrued interest, legal fees and damages to the defendant. These non-disclosure statements were given by the defendant in order to dissuade investors from reporting their cases to the appropriate law enforcement officials because the defendant did provide monetary incentive to those investors who brought in additional investor to invest in his program.

11.    Upon receipt of the monies from investors, the defendant then deposited those funds a bank account held in the name of

4

Unlimited International Venture Group at US Bank.  The defendant was not a signatory on the accounts for which investors monies were deposited, but accounts which on paper were maintained by of one of his children, Michael Cuellar, and/or his spouse, Romelia Cuellar. From that account the defendant wrote checks for cashiers' checks, which were signed by his son or wife, transferred money to other accounts maintained and/or controlled by him and paid personal expenses.  On one occasion the defendant purchased a home with the investor's funds.  The defendant purchased several vehicles also with investors monies.

12.  Further, after receipt of an investors' monies, the defendant continued to lull investors by providing them with monthly statement showing their investments and the accruing interest associated with this initial investment.  This was done in order to lull his victims from reporting his activities to governmental and/or consumer authorities and for other reasons, including perpetrating the fraud by offering a sense of legitimacy to the investors' investment and that the investors may be inclined, and some did, to bring in new investors to invest in defendant's fraudulent scheme.

13.  To the extent that investors were paid "returns" they were paid with other investors' investments.

14.  To date, the investors have received neither their full principle nor the return on their investment as promised by the defendants.

IV.  THE MAILS

15.  On or about the dates set forth below, in the Eastern

5

District of California and elsewhere, for the purpose of carrying out and executing, aiding and abetting and in furtherance of the scheme and artifice to defraud, the defendant knowingly caused the following items to be placed in an authorized depository for mail matter, to be sent and delivered by the U.S. Postal Service or by a private or commercial interstate carrier, and knowingly caused them to be delivered by the United States Postal Service or a private or commercial interstate carrier according to the directions thereon:

| COUNT | DATE | DESCRIPTION AND RECEIVER |
|-------|------|--------------------------|
| ONE | January 15, 1999 | Hand Written letter to Unlimited International Venture Group (UIVG) requesting information about investment opportunity sent by Juongil Jaffrey and mailed to 279 Brookview Ct., Santee, CA 92071. |
| TWO | January 15, 1999 | Financial Account Statement showing account balances belonging to Eva Garrido which was  mailed by Unlimited International Venture Group (UIVG) to 2732 Clear Creek Ct., Stockton, CA 95207. |
| THREE | January 15, 1999 | Financial Account Statement showing account balances belonging to Alberto Gayotin which was as  mailed by Unlimited International Venture Group (UIVG) to 2074 Angelico Circle, Stockton, CA 95207. |
| FOUR | January 15, 1999 | Financial Account Statement showing account balances belonging to Sam Hilow which was as  mailed by Unlimited International Venture Group (UIVG) to 714 Gotham Dr., Stockton, CA 95210. |

| | | |
|---|---|---|
| FIVE | January 15, 1999 | Financial Account Statement showing account balances belonging to Rosalina Soli which was mailed by Unlimited International Venture Group (UIVG) to 24 Scharff Ave., San Jose, CA 95116. |
| SIX | February 8, 1999 | Cashiers' Check in the amount of $50,000 sent by by Juongil Jaffrey and mailed to 279 Brookview Ct., Santee, CA 92071. to Unlimited International Venture Group (UIVG) |
| SEVEN | February 16, 1999 | Financial Account Statement showing account balances belonging to Alberto Gayotin which was mailed by Unlimited International Venture Group (UIVG) to 2074 Angelico Circle, Stockton, CA 95207. |
| EIGHT | February 16, 1999 | Financial Account Statement showing account balances belonging to Rosalina Soli which was mailed by Unlimited International Venture Group (UIVG) to 24 Scharff Ave., San Jose, CA 95116. |
| NINE | February 16, 1999 | Financial Account Statement showing account balances belonging to Eva Garrido which was mailed by Unlimited International Venture Group (UIVG) to 2732 Clear Creek Ct., Stockton, CA 95207. |
| TEN | February 16, 1999 | Financial Account Statement showing account balances belonging to Sam Hilow which was mailed by Unlimited International Venture Group (UIVG) to 714 Gotham Dr., Stockton, CA 95210. |

7

| | | |
|---|---|---|
| ELEVEN | February 18, 1999 | Welcome letter from Global Fund Group, acknowledging receipt of $50,000 investment by Juongil Jaffrey and mailed to 279 Brookview Ct., Santee, CA 92071. |
| TWELVE | March 2, 1999 | Private Contract Agreement between Unlimited International Venture Group (UIVG) and Juongil Jaffrey which was mailed by Juongil Jaffrey to UIVG at P.O. Box 1748, Oakdale, CA 95361. |
| THIRTEEN | March 15, 1999 | Financial Account Statement showing account balances belonging to Sam Hilow which was mailed by Unlimited International Venture Group (UIVG) to 714 Gotham Dr., Stockton, CA 95210. |
| FOURTEEN | March 15, 1999 | Financial Account Statement showing account balances belonging to Eva Garrido which was mailed by Unlimited International Venture Group (UIVG) to 2732 Clear Creek Ct., Stockton, CA 95207. |
| FIFTEEN | March 15, 1999 | Financial Account Statement showing account balances belonging to Alberto Gayotin which was mailed by Unlimited International Venture Group (UIVG) to 2074 Angelico Circle, Stockton, CA 95207. |
| SIXTEEN | March 15, 1999 | Financial Account Statement showing account balances belonging to Rosalina Soli which was as  mailed by Unlimited International Venture Group (UIVG) to 24 Scharff Ave., San Jose, CA 95116. |
| SEVENTEEN | March 26, 1999 | Letter verifying receipt of funds from Sam Hilow by Unlimited International Venture Group which was mailed to 714 Gotham Dr., Stockton, CA 95210. |

| | | |
|---|---|---|
| EIGHTEEN | April 15, 1999 | Financial Account Statement showing account balances belonging to Sam Hilow which was mailed by Unlimited International Venture Group (UIVG) to 714 Gotham Dr., Stockton, CA 95210. |
| NINETEEN | April 15, 1999 | Financial Account Statement showing account balances belonging to Alberto Gayotin which was mailed by Unlimited International Venture Group (UIVG) to 2074 Angelico Circle, Stockton, CA 95207. |
| TWENTY | April 15, 1999 | Financial Account Statement showing account balances belonging to Eva Garrido which was mailed by Unlimited International Venture Group (UIVG) to 2732 Clear Creek Ct., Stockton, CA 95207. |
| TWENTY-ONE | April 15, 1999 | Financial Account Statement showing account balances belonging to Rosalina Soli which was as mailed by Unlimited International Venture Group (UIVG) to 24 Scharff Ave., San Jose, CA 95116. |
| TWENTY-TWO | May 16, 1999 | Financial Account Statement showing account balances belonging to Alberto Gayotin which was mailed by Unlimited International Venture Group (UIVG) to 2074 Angelico Circle, Stockton, CA 95207. |
| TWENTY-THREE | May 16, 1999 | Financial Account Statement showing account balances belonging to Rosalina Soli which was as mailed by Unlimited International Venture Group (UIVG) to 24 Scharff Ave., San Jose, CA 95116. |

9

| | | |
|---|---|---|
| TWENTY-FOUR | May 16, 1999 | Financial account Statement showing account balances belonging to Sam Hilow which was as mailed by Unlimited International Venture Group (UIVG) to 714 Gotham Dr., Stockton, CA 95210. |
| TWENTY-FIVE | June 15, 1999 | Financial Account Statement showing account balances belonging to Eva Garrido which was mailed by Unlimited International Venture Group (UIVG) to 2732 Clear Creek Ct., Stockton, CA 95207. |
| TWENTY-SIX | June 15, 1999 | Financial Account Statement showing account balances belonging to Juongil Jaffrey which was mailed by Unlimited International Venture Group (UIVG) to 279 Brookview Court, Santee, CA 92071. |
| TWENTY-SEVEN | June 15, 1999 | Financial Account Statement showing account balances belonging to Alberto Gayotin which was as mailed by Unlimited International Venture Group (UIVG) to 2074 Angelico Circle, Stockton, CA 95207. |
| TWENTY-EIGHT | June 15, 1999 | Financial Account Statement showing account balances belonging to Sam Hilow which was as mailed by Unlimited International Venture Group (UIVG) to 714 Gotham Dr., Stockton, CA 95210. |
| TWENTY-NINE | July 15, 1999 | Financial Account Statement showing account balances belonging to Sam Hilow which was as mailed by Unlimited International Venture Group (UIVG) to 714 Gotham Dr., Stockton, CA 95210. |

| | | |
|---|---|---|
| THIRTY | July 15, 1999 | Financial Account Statement showing account balances belonging to Juongil Jaffrey which was  mailed by Unlimited International Venture Group (UIVG) to 279 Brookview Court, Santee, CA 92071. |
| THIRTY-ONE | July 15, 1999 | Financial Account Statement showing account balances belonging to Eva Garrido which was  mailed by Unlimited International Venture Group (UIVG) to 2732 Clear Creek Ct., Stockton, CA 95207. |
| THIRTY-TWO | July 15, 1999 | Financial Account Statement showing account balances belonging to Alberto Gayotin which was as  mailed by Unlimited International Venture Group (UIVG) to 2074 Angelico Circle, Stockton, CA 95207. |
| THIRTY-THREE | August 15, 1999 | Financial Account Statement showing account balances belonging to Ronald Todd which was  mailed by Unlimited International Venture Group (UIVG) to 1416 Stembridge Ct., Modesto, CA 95350. |
| THIRTY-FOUR | August 15, 1999 | Financial Account Statement showing account balances belonging to Sam Hilow which was as  mailed by Unlimited International Venture Group (UIVG) to 714 Gotham Dr., Stockton, CA 95210. |
| THIRTY-FIVE | August 15, 1999 | Financial Account Statement showing account balances belonging to Rosalina Soli which was as  mailed by Unlimited International Venture Group (UIVG) to 24 Scharff Ave., San Jose, CA 95116. |

All in violation of Title 18, United States Code, Sections 1341 and 2.

COUNTS THIRTY-SIX THROUGH THIRTY-SEVEN: [18 U.S.C. §§
                                          1956(a)(1)(B)(i) and 2-
                                          Money Laundering and Aiding
                                          and Abetting]

The Grand Jury further charges:

JOE FRANCO CUELLAR, SR.,

Defendant herein, as follows:

16.   Paragraphs 1 through 15, inclusive of Counts One through Thirty-five, are fully incorporated by reference as though fully set forth herein.

17.   Defendant herein, on or about the dates set forth below, in the State and Eastern District of California, and elsewhere, did knowingly conduct, and attempt to conduct financial transactions affecting interstate and foreign commerce, to wit, checks written out of the Unlimited Venture Group Limited, which involved the proceeds of a specified unlawful activity, to wit, mail fraud by fraud as set forth above, with the intent to conceal and disguise the nature, location, source, ownership and control of property believed to be proceeds of the specified unlawful activity and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction, that is, monetary instruments in the amounts set forth below, represented the proceeds of some form of unlawful activity.

| COUNT | DATE | MONETARY INSTRUMENT | BANK |
|-------|------|---------------------|------|
| THIRTY-SIX | 2/17/99 | Withdrawal in the amount of $65,000 from Unlimited International Ventures bank account | US Bank |

| THIRTY-SEVEN | 2/19/99 | Withdrawal in the amount of $35,000 from Unlimited International Ventures bank account | US Bank |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

COUNTS THIRTY-EIGHT THROUGH FORTY-TWO:    [18 U.S.C. §§ 1957(a) and 2- Money Laundering and Aiding and Abetting]

The Grand Jury further charges:

JOE FRANCO CUELLAR, SR.,

Defendant herein, as follows:

18.   Paragraphs 1 through 15, inclusive of Counts One through Thirty-five, are fully incorporated by reference as though fully set forth herein.

19.   Defendant, on or about the dates set forth below, in the State and Eastern District of California, and elsewhere, did knowingly engage and attempt to engage in a monetary transaction through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, as described below and in amounts as described below, such property having been derived from a specified unlawful activity, that is, wire fraud, as set forth above:

13

| COUNT | DATE | MONETARY INSTRUMENT | BANK |
|---|---|---|---|
| THIRTY-EIGHT | 1/21/99 | Check (#1875) in the amount of $17,500 payable to Keilan & Imelda Palacios from Unlimited International Ventures bank account | US Bank |
| THIRTY-NINE | 2/17/99 | Withdrawal in the amount of $65,000 from Unlimited International Ventures bank account | US Bank |
| FORTY | 2/19/99 | Withdrawal in the amount of $35,000 from Unlimited International Ventures bank account | US Bank |
| FORTY-ONE | 3/22/99 | Check (#1923) in the amount of $15,029.07 payable to Dacio Patacsil from Unlimited International Ventures bank account | US Bank |
| FORTY-TWO | 4/27/99 | Check (#1972) in the amount of $17,313.88 payable to Douglas F. Hensley from Unlimited International Ventures bank account | US Bank |

14

All in violation of Title 18, United States Code, Sections 1957(a) and 2.

A TRUE BILL.

FOREPERSON

McGREGOR W. SCOTT
United States Attorney

By
MARK E. CULLERS.
Assistant U.S. Attorney
Chief, Fresno Office

15

CLOSED, PROB22_OUT

**U.S. District Court**
**Eastern District of California - Live System (Fresno)**
**CRIMINAL DOCKET FOR CASE #: 1:04-cr-05020-OWW-1**
**Internal Use Only**

Case title: USA v. Cuellar

Date Filed: 01/15/2004
Date Terminated: 07/12/2004

Assigned to: Judge Oliver W. Wanger

### Defendant (1)

**Sr Joe Franco Cuellar**
*TERMINATED: 07/12/2004*

represented by **Mark Aram Lizarraga**
Office of the Federal Defender
2300 Tulare Street
Suite 330
Fresno, CA 93721
(559) 487-5561
Fax: (559) 487-5950
Email: mark_lizarraga@fd.org
*TERMINATED: 07/12/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

I hereby attest and certify on 5-20-08
that the foregoing document is a full, true
and correct copy of the original on file in my
office and in my legal custody.
VICTORIA C. MINOR
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
By_____Deputy

### Pending Counts

18:1341 AND 2 MAIL FRUAD AND AIDING AND ABETTING;
(1)

18:1341 AND 2 MAIL FRUAD AND AIDING AND ABETTING;
(6)

18:1341 AND 2 MAIL FRUAD AND AIDING AND ABETTING;
(12)

18:1341 AND 2 MAIL FRUAD AND AIDING AND ABETTING;
(29)

18:1341 AND 2 MAIL FRUAD AND AIDING AND ABETTING;
(35)

### Disposition

27 MONTHS CUSTODY AS TO EACH COUNT TO RUN CONCURRENTLY; 36 MONTHS S/R; $500.00 P/A; $2,346,900 RESTITUTION; DFT TO SELF SURRENDER 09/01/04

27 MONTHS CUSTODY AS TO EACH COUNT TO RUN CONCURRENTLY; 36 MONTHS S/R; $500.00 P/A; $2,346,900 RESTITUTION; DFT TO SELF SURRENDER 09/01/04

27 MONTHS CUSTODY AS TO EACH COUNT TO RUN CONCURRENTLY; 36 MONTHS S/R; $500.00 P/A; $2,346,900 RESTITUTION; DFT TO SELF SURRENDER 09/01/04

27 MONTHS CUSTODY AS TO EACH COUNT TO RUN CONCURRENTLY; 36 MONTHS S/R; $500.00 P/A; $2,346,900 RESTITUTION; DFT TO SELF SURRENDER 09/01/04

27 MONTHS CUSTODY AS TO EACH COUNT TO RUN CONCURRENTLY; 36 MONTHS S/R; $500.00 P/A; $2,346,900 RESTITUTION; DFT TO SELF SURRENDER 09/01/04

**Highest Offense Level (Opening)**

Felony

| Terminated Counts | Disposition |
|---|---|
| 18:1341 AND 2 MAIL FRUAD AND AIDING AND ABETTING; (2-5) | DISMISSED |
| 18:1341 AND 2 MAIL FRUAD AND AIDING AND ABETTING; (7-11) | DISMISSED |
| 18:1341 AND 2 MAIL FRUAD AND AIDING AND ABETTING; (13-28) | DISMISSED |
| 18:1341 AND 2 MAIL FRUAD AND AIDING AND ABETTING; (30-34) | DISMISSED |
| 18:1956(a)(1)(B)(i) AND 2 MONEY LAUNDERIN GAND AIDING AND ABETTING (36-37) | DISMISSED |
| 18:1957(a) AND 2 MONEY LAUNDERING AND AIDING AND ABETTING (38-42) | DISMISSED |

**Highest Offense Level (Terminated)**

Felony

| Complaints | Disposition |
|---|---|
| None | |

---

**Plaintiff**

**USA**                    represented by **Stanley Albert Boone**
United States Attorney
2500 Tulare Street
Suite 4401
Fresno, CA 93721
(559) 497-4042
Fax: (559) 497-4099
Email: stanley.boone@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/15/2004 | | (Court only) Docket Modification (Utility Event) sealing case (sr) (Entered: 01/15/2004) |
| 01/15/2004 | 1 | INDICTMENT by US Attorney Stanley A Boone Counts filed against Joe Franco Cuellar (1) count(s) 1-35, 36-37, 38-42 (old) (Entered: 01/15/2004) |
| 01/15/2004 | 2 | ORDER by Magistrate Judge Lawrence J. O'Neill sealing case until further order of the court (cc: all counsel) (old) (Entered: 01/15/2004) |
| 01/15/2004 | | SEARCH Warrant issued for Joe Franco Cuellar by Magistrate Judge Lawrence J. |

| | | O'Neill (old) (Entered: 01/15/2004) |
|---|---|---|
| 01/29/2004 | 3 | NOTICE OF MOTION AND MOTION to unseal case by USA as to Joe Franco Cuellar (old) (Entered: 01/30/2004) |
| 01/29/2004 | 4 | ORDER Magistrate Judge ORDERING motion to unseal case by USA [3-1] GRANTED (cc: all counsel) (old) (Entered: 01/30/2004) |
| 01/29/2004 | | (Court only) Docket Modification (Utility Event) re order [4-1] case unsealed (old) (Entered: 01/30/2004) |
| 01/29/2004 | | (Court only) (dd) (Entered: 06/08/2004) |
| 01/30/2004 | 5 | CJA Form 23 (Financial Affidavit) as to Joe Franco Cuellar (rcf) (Entered: 02/02/2004) |
| 01/30/2004 | 6 | MINUTES before Magistrate Judge Dennis L. Beck - RE: Arraignment and Plea dft Joe Franco Cuellar arraigned; NOT GUILTY plea entered; Attorney Mark Lizarraga present; , detention hearing set on 11:00 2/4/04 in ctrm 4 for Joe Franco Cuellar, PTS to interview dft; status hearing set for 1:30 2/17/04 in ctrm 2 for Joe Franco Cuellar C/R Alvarez (rcf) (Entered: 02/02/2004) |
| 02/04/2004 | 7 | RECEIPT of Passport # 053820808 for defendant Joe Franco Cuellar by Joe Franco Cuellar, 3111 Mattos Avenue, San Jose, CA 95132; Receipt # 101 4850; PASSPORT IN VAULT (rcf) (Entered: 02/04/2004) |
| 02/04/2004 | 8 | MINUTES before Magistrate Judge Sandra M. Snyder RE: Detention Hearing; detention hearing held on 2/4/04 as to defendant Joe Franco Cuellar ; atty Rainwater argues for release; Govt request add'l conditions of release - submit; Court ORDERS dft releasze on $150,000 property bond; dft be released pending posting of property bond status hearing set for 2/17/04 for Joe Franco Cuellar , if property bond not posted by 2/27/04, in-court hearing set for 10:30 2/27/04 for Joe Franco Cuellar C/R ECRO (rcf) (Entered: 02/06/2004) |
| 02/04/2004 | 9 | ORDER FOR RELEASE OF PERSON IN CUSTODY by Magistrate Judge Sandra M. Snyder for Joe Franco Cuellar (rcf) (Entered: 02/06/2004) |
| 02/05/2004 | 10 | APPEARANCE BOND ( $150,000.00) by Joe Franco Cuellar (rcf) (Entered: 02/06/2004) |
| 02/12/2004 | 11 | NOTICE re PASSPORT from US Pretrial Services Office; dft Joe Franco Cuellar Sr is not permitted to apply for the issuance of another passport during the pendency of his action (jv) (Entered: 02/13/2004) |
| 02/17/2004 | 12 | MINUTES before Judge Oliver W. Wanger dft's motion filing ddl 3/29/04; govt's response filing ddl 4/19/04; status hearing set for 1:30 4/26/04 before OWW ctrm 2 for Joe Franco Cuellar excludable time started for Joe Franco Cuellar start date: 2/17/04 end date: 4/26/04 C/R P Crawford (plk) (Entered: 02/18/2004) |
| 03/04/2004 | 13 | CERTIFIED COPY of DEED OF TRUST and original note in the amount of $150,000 received as to dft Joe Franco Cuellar; property posted by David Maldanado Cuellar and Donna Maria Cuellar, deed # 2004-029075-00; property address 7070 Richardson Road, Oakdale CA 95361; original note in vault; copy of deed in file (jv) (Entered: 03/04/2004) |
| 03/26/2004 | 14 | MEMORANDUM OF PLEA Agreement as to Joe Franco Cuellar (sr) (Entered: 03/29/2004) |
| 03/31/2004 | 15 | RECEIPT of recorded Deed of Trust for defendant Joe Franco Cuellar receipt#: 100 199309 posted by: David Maldando Cuellar and Donna Cuellar, deed#: 2004-0029075-00, address: 7070 Richardson Rd, Oakdale,CA 95361 (Deed in Vault) (sr) (Entered: 04/01/2004) |
| 04/26/2004 | 16 | MINUTES before Judge Oliver W. Wanger status conference held on 4/26/04 as to |

| | | |
|---|---|---|
| | | dft Cuellar , guilty plea entered by dft count(s) 1, 12, 29, 35 , sentencing hearing set for 1:30 7/12/04 for dft C/R P Crawford (sr) (Entered: 04/27/2004) |
| 07/01/2004 | 17 | OBJECTIONS by defendant Joe Franco Cuellar to Presentence Investigation Report (tel) (Entered: 07/02/2004) |
| 07/09/2004 | 18 | RESPONSE by plaintiff USA to [17-1] Dft's Objections to presentence investigation report and Dft's Motion for downward departure (wh) (Entered: 07/12/2004) |
| 07/12/2004 | 19 | MINUTES before Judge Wanger sentencing Joe Franco Cuellar (1) count(s) 1, 6 , 12 , 29 , 35 . 27 CUSTODY AS TO EACH COUNT TO RUN CONCURRENTLY; 36 MONTHS SUPERVISED RELEASE; $500.00 P/A; $2,346,900 RESTITUTION; DFT TO SELF SURRENDER 09/01/04 , counts as to Joe Franco Cuellar (1) count(s) 2-5, 7 -11 , 13 -28 , 30 -34 , 36 -37 , 38 -42 . DISMISSED , terminating dft Cuellar case terminated C/R K Lopez (wh) Modified on 07/13/2004 (Entered: 07/13/2004) |
| 07/14/2004 | 20 | JUDGMENT and Commitment issued as to Joe Franco Cuellar by Judge Oliver W. Wanger (plk) (Entered: 07/15/2004) |
| 07/14/2004 | 21 | ORDER by Judge Oliver W. Wanger modifying conditions of release (cc: all counsel) (plk) (Entered: 07/15/2004) |
| 09/02/2004 | 22 | APPLICATION by defendant Joe Franco Cuellar for exoneration of property bond and reconveyance of real property (rab) (Entered: 09/03/2004) |
| 09/02/2004 | | LODGED order granting exoneration and reconveyance by defendant Joe Franco Cuellar (rab) (Entered: 09/03/2004) |
| 09/07/2004 | 23 | ORDER by Judge Oliver W. Wanger ORDERING property posted on behalf of dft Cuellar by David and Donna Cuellar, property address 7070 Richardson Road, Oakdale, CA 95361, to be reconveyed to same [15-1] (cc: all counsel) (mm) (Entered: 09/08/2004) |
| 09/09/2004 | 24 | RECONVEYANCE of Property Deed posted by David and Donna Cuellar on behalf of defendant Joe Franco Cuellar; deed of property no 2004-0029075-00; property address 7070 Richardson Road, Oakdale, CA 95361 [15-1] (mm) (Entered: 09/09/2004) |
| 11/19/2004 | 25 | NOTICE of order not to obtain passport as to dft Joe Franco Cuellar Sr (rcf) (Entered: 11/22/2004) |
| 10/20/2005 | 26 | SEALED EVENT (Kusamura, W) (Entered: 10/20/2005) |
| 03/09/2006 | 27 | ORDER FOR RETURN OF PASSPORT #053820808 as to Joe Franco Cuellar signed by Judge Oliver W. Wanger on 3/8/06. (Robles, S) (Entered: 03/09/2006) |
| 03/14/2006 | | RECONVEYANCE of Passport for Joe Franco Cuellar. (Robles, S) (Entered: 03/14/2006) |
| 05/27/2008 | 28 | PROBATION JURISDICTION (PROBATION 22 Out) TRANSFERRED to Northern District of California, as to Joe Franco Cuellar, signed by Judge Oliver W. Wanger on 5/2/2008. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. DEFENDANT TERMINATED. CASE CLOSED. (Esteves, C) (Entered: 05/28/2008) |